[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence December 13, 1991 Date of Application January 6, 1992 Date Application Filed January 9, 1992 Date of Decision July 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 17 at Bristol.
Docket Numbers CR91-073854; CR91-073855; CR91-073859; CR91-073262.
Lisa Villa, Esq. Defense Counsel, for Petitioner
R. Patrick McGinley, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
After pleas of guilty petitioner was convicted of robbery in the second degree in violation of General Statutes53a-135; two counts of burglary in the third degree in violation of General Statutes 53a-103 and arson in the second degree in violation of General Statutes 53a-112. On the robbery conviction petitioner was sentenced to a term of ten years execution suspended after eight years and five years probation. Concurrent five year sentence was imposed on the burglary violation. On the arson violation a concurrent charge of fifteen years, execution suspended after eight years and probation for five years was imposed. The net total sentence imposed was fifteen years execution suspended after eight years with five years probation. Specific conditions of probation were imposed. Petitioner's robbery conviction arose out of the knife point robbery of the clerk of a Cumberland Farms store. The burglary convictions involved breaking and entering into private residences and the arson conviction was connected to a burglary.
At the hearing on this petition the attorney CT Page 8357 representing petitioner mentioned that his client had a prior minor criminal record. She stated that the underlying cause of petitioner's criminal activity was a substance abuse condition. She stated that her client was a troubled person who at the time of sentencing was ready for rehabilitation. The attorney requested a one year reduction so that petitioner could be placed in a drug treatment program.
Speaking on his own behalf, petitioner stated that he recognizes his drug problem. He stated that he had been a model prisoner, he was sorry for the offenses and wanted to resume his life. Petitioner agreed, however, that the sentence imposed was fair.
The state's attorney argued against any reduction claiming that the offenses were serious crimes against the persons. It was agreed that petitioner supported his habit by victimizing others.
The function of this division is not to evaluate petitioner's progress while incarcerated or to facilitate his placement into rehabilitative programs which may now be available. Our objective is to determine if the original sentence was fair and not disproportionately harsh.
We are obligated to review the sentence and apply the factors set forth in Practice Book 942. Consiglio v. Warden, 153 Conn. 673 (1966). Applying its 942 factors to the present case it cannot be found that the sentence is inequitable or should be modified.
Accordingly its sentence is affirmed.
Purtill, J. Norko, J. Klaczak, J.
Purtill, J., Norko, J., and Klaczak, J. participated in this decision.